
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4243 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Finch, et al. Vs. Ford | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to dismiss is granted in part and denied in part. The motion is granted with respect to Count III and denied as to Count IV. Defendant's motion for summary judgment is granted with respect to Counts II and IV. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 9 2004 date docketed | 36 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 7/28/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | 2004 JUL 28 PH 2:55 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD FINCH and ALICE FINCH,        )
                                      )
              Plaintiffs,             )
                                      )
       v.                             )   No.  03 C 4243
                                      )
FORD MOTOR COMPANY,                   )
                                      )
              Defendant.              )
                                      )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ronald and Alice Finch claim that they have been injured by defendant Ford Motor Company ("Ford") in connection with their January 15, 2003 purchase of a 2002 Lincoln Navigator ("the vehicle").[1] The Finches purchased the vehicle from Rosen Lincoln-Mercury ("Rosen"), an authorized dealer. The Finches allege that Ford breached the vehicle's written warranty in violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. § 2301 et seq. (Count I); breached the vehicle's implied warranty of merchantability in violation of Magnuson-Moss (Count II); violated the Illinois New Vehicle Buyer Protection Act, 815 ILL. COMP. STAT. 380/2 (Count III); and violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/2 (Count IV). Ford moves for summary judgment on Counts II, III, and IV.

---

[1] The Finches originally filed their claims in the Circuit Court of Cook County, Illinois on June 2, 2003. The case was removed to this court on June 20, 2003.

The Finches move to dismiss Counts III and IV. I GRANT the Finches' motion to dismiss Count III, but DENY the motion to dismiss Count IV. I GRANT Ford's motion for summary judgment with respect to Counts II and IV.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). Normally, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, in this case the Finches have failed to comply with Local Rule 56.1, which requires them to file

> a concise response to the movant's statement that shall contain:
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b). All of the statements in Ford's Rule 56.1(a) filing are therefore deemed admitted. Local Rule 56.1(b)(3)(B). *See, e.g., Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 283-84 (7th Cir. 1997); *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1316-17 (7th Cir. 1995).

2

The Finches do not oppose Ford's motion for summary judgment on Counts III and IV, but instead seek to voluntarily dismiss those counts, apparently pursuant to Fed. R. Civ. P. 41. Rule 41(a) provides that a party may voluntarily dismiss a claim on their own motion either before an answer or motion for summary judgment are served, or after service of an answer or motion for summary judgment with the agreement of all parties to the action. FED. R. CIV. P. 41(a)(1). As a motion for summary judgment has already been served on the Finches, they must have the agreement of all parties to dismiss a claim. Ford does not oppose the dismissal of Count III, but does oppose the dismissal of Count IV. Count IV may only be dismissed, then, with the approval of the court "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The power to grant or deny a motion to dismiss pursuant to Rule 41(a)(2) is within the discretion of the court. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994).

The Illinois Consumer Fraud and Deceptive Practices Act provides in relevant part that "in any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 ILL. COMP. STAT. 505/10a(c). "Prevailing party" has been held to include successful defendants. *See, e.g., Haskell v. Blumthal*, 561 N.E.2d 1315, 1317 (Ill. App. Ct. 1990).

3

Ford argues that the Finches should not be permitted to escape a potential adverse fee award by dismissing their claim at this late date. I agree. Rule 41(a)(2) places the burden on the plaintiff to establish that dismissal of a claim is warranted. *Tolle*, 23 F.3d at 177-78. The Finches do not even attempt to make such a showing, instead summarily stating that they dismiss Counts III and IV. This case was removed to federal court nearly a year ago, and discovery has been closed for three months. To allow the Finches to dismiss their claim after Ford has been forced to defend against it would be unjust. *See id.* Ford also moves for summary judgment with respect to Count IV, arguing that the Finches have presented no evidence to raise a question of material fact. The Finches present no legal argument nor any evidence opposing Ford's motion. I GRANT the motion to dismiss Count III, but DENY the motion to dismiss Count IV. I GRANT Ford's motion for summary judgment with respect to Count IV.

Ford moves for summary judgment with respect to Count II, arguing that privity of contract is required for a claim of breach of implied warranty under Magnuson-Moss and that Ford and the Finches are not in privity. Magnuson-Moss allows a suit for a breach of "an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title)." 15 U.S.C. § 2301(7). As those sections do not discuss a state's ability to establish a privity requirement, the existence of such a requirement depends

4

solely on state law. *Voelker v. Porsche Cars N.A., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003). For recovery of economic damages, such as those claimed by the Finches, Illinois law requires privity of contract for a claim of breach of implied warranty. *Id.*

While the Finches concede that privity is required for such a claim, they argue that they have sufficient privity of contract with Ford. Relying on *Szajna v. General Motors Corp.*, 503 N.E.2d 760 (Ill. 1986), the Finches argue that the Illinois Supreme Court has carved out an exception under Magnuson-Moss for plaintiffs who have been issued a written warranty by a manufacturer. *Id.* at 769. However, while I must follow the Illinois Supreme Court's interpretation of Illinois law, *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 442 (7th Cir. 1994), I need not be bound by its interpretation of federal law. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1992). The Seventh Circuit in *Voelker* held that privity was required. 353 F.3d at 525. While plaintiffs argue that *Voelker* did not explicitly address the issue raised by *Szajna*, I must follow Seventh Circuit pronouncements. In addition, several district courts have rejected the *Szajna* Court's interpretation of Magnuson-Moss. *E.g., Kutzler v. Thor Indus., Inc.*, No. 03-C2389, 2003 WL 21654260, at *6 (N.D. Ill. Jul. 14, 2003) (Schenkier, J.); *Soldinger v. Aston Martin LaGonda of N.A., Inc.*, No. 97-C7792, 1999 WL 756174, at *6-10 (N.D. Ill. Sept. 13, 1999) (Pallmeyer, J.). I agree with their conclusion. As the

5

Finches purchased the vehicle from Rosen, not directly from Ford, they lack the necessary privity of contract for a claim of breach of implied warranty under Magnuson-Moss.

The Finches finally argue that they have the required privity with Ford for two other reasons. First, the Finches allege that an agency relationship between Ford and Rosen created privity of contract. Second, they allege that Ford's "mass advertising" created the required privity. In neither case do the Finches cite any legal authority suggesting that Illinois law would allow advertising or agency to create the required privity relationship. Also, the Finches fail to establish any factual parameters of either Ford's advertising efforts or the alleged agency relationship between Ford and Rosen. Without legal or factual support, I decline to hold that Illinois law would recognize these theories. Ford's motion for summary judgment with respect to Count II is granted.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 28, 2004