# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4243 | **DATE** | 8/27/2004 |
| **CASE TITLE** | Finch, et al. Vs. Ford Motor Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to bar Finches from making any reference to Ford (30), defendant's motion to exclude expert testimony of David Crockford (32), defendant's motion regarding incidental and consequential damages (33 & 34) are granted. Defendant's motion regarding expert testimony of Grismer and Pennacchio (31) is granted in part. Enter Memorandum opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 30 2004 date docketed | 47 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 8/27/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | 2004 AUG 27 PM 4:51 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

RONALD FINCH and ALICE FINCH, )
)
Plaintiffs, )
)
v. ) No. 03 C 4243
)
FORD MOTOR COMPANY, )
)
Defendant. )
)

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ronald and Alice Finch claim that they have been injured by defendant Ford Motor Company ("Ford") in connection with their January 15, 2003 purchase of a 2002 Lincoln Navigator ("the vehicle").[1] The Finches purchased the vehicle from Rosen Lincoln-Mercury ("Rosen"), an authorized dealer. The Finches allege that Ford breached the vehicle's written warranty in violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. § 2301 et seq. (Count I); breached the vehicle's implied warranty of merchantability in violation of Magnuson-Moss (Count II); violated the Illinois New Vehicle Buyer Protection Act, 815 ILL. COMP. STAT. 380/2 (Count III); and violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/2 (Count IV). Count III was dismissed, and summary judgment was granted in Ford's favor on Counts II and IV. Ford now moves to exclude a

---

[1] The Finches originally filed their claims in the Circuit Court of Cook County on June 2, 2003. The case was removed to this court on June 20, 2003.

variety of evidence from the trial on Count I. I grant some motions and deny others, for the reasons given below.

*Insurance coverage/representation.* Ford moves to bar the Finches from making any reference to Ford being self-insured or to Ford being represented by an attorney at trial. The Finches do not object. The motion is GRANTED.

*Expert testimony, David Crockford.* Ford moves to exclude the expert testimony of David Crockford. The Finches respond by withdrawing Mr. Crockford as an expert witness. The motion is GRANTED.

*Expert testimony, Phillip Grismer and Joseph Pennacchio.* Ford moves to exclude the expert testimony of Phillip Grismer and Pennacchio. The Finches intend to have both Mr. Grismer and Mr. Pennacchio testify as to the defects allegedly present in the vehicle at the time of sale, the causes of those defects, the diminution in value of the vehicle, and the worth of the vehicle at the time of sale compared to the actual price paid.

Ford first argues that both experts should be barred because the Finches failed to properly disclose them pursuant to Fed. R. Civ. P. 26(a)(2). The purpose of such disclosures is to avoid surprise and prejudice. Ford argues that the Finches did not properly disclose the bases for their experts' opinions, the compensation of those experts, or the qualifications of those experts. The Finches provided disclosure of both experts,

2

including their required reports, over a year ago.  Even if those disclosures were somehow defective, Ford has had ample time to depose both experts or request additional information, and in fact has deposed Mr. Grismer.  Ford cannot now claim prejudice and bar testimony from these experts.

Ford further argues that neither expert is qualified to provide the expert opinions the Finches seek to introduce.  Mr. Grismer and Mr. Pennacchio are both qualified, because of their prior education and experiences, to provide expert opinions on at least some of the topics sought by the Finches.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Mr. Grismer has more than 30 years of experience repairing and inspecting a wide variety of vehicles.  Specifically, he spent approximately two years inspecting Ford vehicles for the Ford Consumer Appeals Board, and has operated his own vehicle inspection service for over a decade.  The Finches have not shown, however, that Mr. Grismer is qualified to testify about vehicle valuation, nor does his report provide any support for the conclusions he reaches about the value of the Finches' vehicle.  Mr. Grismer is limited to expert testimony about the defects present in the Finches' vehicle and their causation.[2]

---

2 In addition, the Finches have designated Mr. Pennacchio as an expert in valuation. As counsel should know, under local rules, only one expert witness for each party may testify on each subject. Form LR 16.1.1 n.7.

3

Mr. Pennacchio has extensive experience in assessing the value of vehicles. For twenty years, Mr. Pennacchio has worked for a variety of vehicle loan institutions, providing services which included vehicle appraisal. However, there is no evidence supporting Mr. Pennacchio's qualification to assess the defects present in the Finches' vehicle or the likely causation of those defects. In fact, Mr. Pennacchio has no personal knowledge of any defects, as he has never inspected the Finches' vehicle, relying solely on the repair history of the vehicle and sources detailing the value of comparable vehicles. Mr. Pennacchio is therefore limited to expert testimony about the valuation of a hypothetical vehicle of the same type as the Finches', with the same repair history. The motion is GRANTED to the extent that it limits the subjects on which Mr. Grismer and Mr. Pennacchio may offer testimony.

*Opinion testimony, the Finches.* Ford seeks to bar the Finches from offering any opinion testimony, stating that no such opinions were disclosed and are therefore barred under Fed. R. Evid. 702. While the Finches are permitted to testify to "lay opinions" under Fed. R. Evid. 701, where their opinion would touch on areas requiring special knowledge, skills, or expertise, Rule 702 controls. As the Finches have not been qualified as experts and have not disclosed their opinion testimony, they are barred from offering opinion testimony to the extent that the opinion would be

based on Rule 702-type expertise. The motion is GRANTED to the extent that it so limits the Finches' testimony.

*Incidental and consequential damages.* Ford finally seeks to bar the Finches from recovering incidental and consequential damages. Ford argues that the Finches disclosed no witnesses, documentation, or other evidence related to such damages, as required by Fed. R. Civ. P. 26(a)(1). The Finches do not deny that they have failed to make such disclosures but argue that they did not have to make such disclosures, either because no conference was held pursuant to Rule 26(f) or because Ford's disclosures were also deficient. Exclusion of evidence not disclosed in accordance with the federal rules is automatic and mandatory, unless the party can show that the violation was either harmless or justified. *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997). Neither of the Finches' arguments provide justification for their failure to disclose. Alleged deficiencies in the opposing party's disclosures do not provide justification for withholding information. While the lack of a Rule 26(f) conference may have produced some confusion as to the deadline for such disclosures, that deadline was surely before the close of discovery in March 2004. The failure to disclose is also not harmless, as Ford cannot be

expected to effectively defend against damages it is made aware of for the first time at trial. The motion is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: August 27, 2004